IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES A. HANEY, JR., | ) | CASE NO. 1:14 CV 1495 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MARK HOOKS, WARDEN | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of James A. Haney, Jr., for a writ of habeas corpus under 28 U.S.C. § 2254.[2] In August 2012 Haney was convicted at a jury trial in the Lake County Court of Common Pleas on various charges arising from identity theft and was sentenced to an aggregate term of eight years in prison. He is presently incarcerated by the State of Ohio at the Ross Correctional Institution where he serves that sentence.

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Jack Zouhary in a non-document order entered on September 3, 2014.

[2] ECF # 1. The petition was dismissed without prejudice to permit the exhaustion of state remedies (ECF # 4) and then reinstated following the exhaustion of those remedies. ECF # 6.

In his petition Haney raises four grounds for relief,[3] all of which the State contends in it return of the writ should be dismissed as procedurally defaulted.[4] Haney has not filed a traverse.

For the reasons that follow I will recommend that all four grounds for relief be dismissed as procedurally defaulted.

## Facts

### A. Background facts, trial and sentence

The essential background facts as found by the Ohio appeals court[5] are neither extensive nor complex.

In 2009 Haney's father changed his will disinheriting Haney due to his criminal past and because he owed a significant amount in child support.[6] Haney admitted he was upset by this.[7] He also admitted that while his father was in the hospital, he took original paperwork concerning two of his father's annuities, completed forms for withdrawals as if he was his father, and thereby received nearly $300,000 from these accounts.[8] Haney testified that with the money he obtained he bought a boat, gambled, gave some money to

---

[3] ECF # 1.

[4] ECF # 19.

[5] ECF # 19, Attachment at 6.

[6] *Id*. At 7.

[7] *Id*.

[8] *Id*. at 7-8.

his cousin and to his girlfriend, and buried some in a hole on some property in North Carolina.[9]

Haney admitted at trial that he used his father's identity to obtain money from his father's accounts, but said that his father had given him permission to do so before he died.[10]

After being found guilty on all charges, the trial court merged the counts on identity fraud and forgery with another count of identity fraud, and merged one count of theft from an elderly person with one count of aggravated theft.[11] Haney was thereupon sentenced to four years in prison for identity fraud, two years for telecommunications fraud, and two years for aggravated theft, such terms to be served consecutively, for an aggregate sentence of eight years.[12]

---

[9] *Id*. at 8.

[10] *Id*.

[11] *Id*.

[12] *Id*.

**B.    Direct Appeals**

*1.    Ohio Court of Appeals*

Through different counsel[13] Haney timely filed a notice of appeal.[14] In his brief, Haney raised the following four assignments of error:[15]

1. DEFENDANT APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

    I. The defendant-appellant's trial counsel was ineffective when he failed to make a motion with the trial court to dismiss the case against the defendant-appellant for a violation of his right to a speedy trial.

    ii. The defendant-appellant's trial counsel was ineffective when he proceeded to trial without preparing a defense.

    iii. The defendant-appellant's trial counsel was ineffective when he failed to sufficiently cross examine the State's witnesses.

    iv. The defendant-appellant's trial counsel was ineffective when he failed to inquire into the evidence potentially missed by two sleeping jurors and petition the court for a remedy, thereby denying him due process of law in violation of the fourteenth Amendment.

---

[13] Haney was represented at trial by the Lake County Ohio public defender (*see*, ECF # 19 at 4), and on appeal by Matthew Bangerter of Cleveland. ECF # 19, Attachment at 131.

[14] *See* Ohio App. R. 4(A) (To be timely, a party must file a notice of appeal within 30 days of the judgment being appealed.); s*ee also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan.18, 2007). Haney's conviction was finalized with his sentencing on August 1, 2012. ECF # 1 at 1. The notice of appeal was filed on August 29, 2012. ECF # 19, Attachment at 129. Thus, the appeal was timely filed.

[15] ECF # 19, Attachment at 132-35.

      v.      The defendant-appellant's trial counsel was ineffective when he agreed to the erroneous analysis of which offenses should merge as allied offenses of similar import.

2. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT RETURNED A VERDICT OF GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

    I.    The conviction of defendant-appellant is against the manifest weight of the evidence where it is not supported by competent, credible evidence which proves his guilt beyond a reasonable doubt.

3. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN DENYING HIS MOTION FOR ACQUITTAL MADE PURSUANT TO CRIM. R. 29(A).

    I.    The trial court erred in denying the defendant-appellant's Crim. R. 29 Motion for Acquittal on the charges against him where the State failed to present sufficient evidence to establish beyond a reasonable doubt that the defendant-appellant committed the actions without consent.

4. THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT-APPELLANT TO A TERM OF IMPRISONMENT WHERE ITS FINDINGS WERE NOT SUPPORTED BY THE RECORD.

    I.    The trial court erred when it imposed a prison term where its findings under R.C. 2929.12 were not supported by the record where it failed to give careful and substantial deliberation to the relevant statutory considerations.

The State filed a brief in opposition,[16] and on June 28, 2013, the Ohio appeals court overruled Haney's assignments of error and affirmed the judgment of the trial court.[17]

---

[16] *Id*. at 167-207.

[17] *Id*. at 6-23.

## 2. *Supreme Court of Ohio*

On May 30, 2014, or almost one year after the decision of the Ohio appeals court, Haney, *pro se*, sought leave from the Supreme Court of Ohio to file an untimely notice of appeal.[18] Together with that motion, Haney, *pro se,* filed a brief raising the following four propositions of law:[19]

> PROPOSITION OF LAW NO. 1: THE APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE 5TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ART. I, §10 OF THE OHIO CONSTITUTION WHEN HIS RIGHT TO A SPEEDY TRIAL WAS VIOLATED.
>
> PROPOSITION OF LAW NO. 2: APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE AND TRIAL COUNSEL GUARANTEED UNDER THE U.S. AND OHIO CONSTITUTIONS UNDER THE ISSUES OF COUNSEL FAILING TO PREPARE A DEFENSE, RAISE COLORABLE CLAIMS FOR DEFENSE, SUFFICIENTLY CROSS-EXAMINE WITNESSES AND AGREE TO A SENTENCE THAT WAS CONTRARY TO LAW.
>
> PROPOSITION OF LAW NO. 3: TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS WHEN HE DENIED AN ACQUITTAL BASED ON INSUFFICIENCY OF THE EVIDENCE.
>
> PROPOSITION OF LAW NO. 4: APPELLANT WAS DENIED DUE PROCESS WHEN TRIAL COURT SENTENCED APPELLANT WITHOUT ACCORD TO THE RECORD AND STATUTORY CONSIDERATIONS.

The State did not respond to Haney's filings, and on July 23, 2014, the Supreme Court of Ohio denied the motion to file a delayed appeal and dismissed the case.[20]

---

[18] *Id*. at 212-13.

[19] *Id*. at 209.

[20] *Id*. at 214.

**C.     Post-Conviction Relief**

On February 28, 2013, while his direct appeal was pending before the Ohio appeals court, Haney, *pro se*, filed a petition to vacate or set aside the judgment of the trial court.[21] The State filed a brief in response.[22] On April 3, 2013, the trial court dismissed the petition.[23] Haney did not appeal that decision.

**D.     Rule 26(B) Application**

On September 25, 2013, or within 90 days of the decision of the appeals court on the direct appeal, Haney, *pro se*, timely[24] filed an application pursuant to Ohio Appellate Rule 26(B) to reopen his appeal based on the ineffectiveness of appellate counsel.[25] The State did not file a brief in response,[26] and on December 16, 2013, the Ohio appeals court denied the application to reopen.[27] Haney did not appeal this decision.

---

[21] *Id*. at 215-18.

[22] *Id*. at 219-24.

[23] *Id*. at 226-27.

[24] Ohio App. R. 26(B)(1) provides that an application to reopen an appeal based on a claim of ineffective assistance of appellate counsel shall be filed within 90 days of the journalization of the appellate opinion.

[25] ECF # 19, Attachment at 228-33.

[26] *See, id*. at 234.

[27] *Id*. at 234-35.

### E. Federal Habeas Petition

On June 26, 2014 Haney, *pro se*, timely filed[28] the present petition for federal habeas relief raising four grounds for relief:[29]

> GROUND ONE: THE PETITIONER WAS DENIED HIS RIGHT TO DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED IN THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN HIS RIGHT TO A SPEEDY TRIAL WAS DENIED TO HIM.
>
> GROUND TWO: THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT RETURNED A VERDICT OF GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> GROUND THREE: TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING HIS MOTION [OF] ACQUITTAL MADE PURSUANT TO CRIM. R. 29(A).
>
> GROUND FOUR: TRIAL COURT ERRED BY SENTENCING APPELLANT TO A TERM OF IMPRISONMENT WHERE ITS FINDINGS WERE NOT SUPPORTED BY THE RECORD AND STATUTORY CONSIDERATION.

As noted, the State has primarily argued that the entire petition should be dismissed as procedurally defaulted because Haney did not timely appeal from the state appeals court decision on direct review, and the Ohio Supreme Court denied his attempt to file a delayed appeal. In addition, Haney made no appeal from the trial court's decision denying his post-

---

[28] Haney's petition states that he placed the petition in the prison mail system on June 26, 2014. ECF # 1 at 13. The Ohio appeals court affirmed his conviction on June 28, 2013. Even though Haney did not timely obtain review of that decision from the Supreme Court of Ohio, and even without considering that Haney's timely filed Rule 26(B) petition was not adjudicated until December 16, 2013, the present petition is timely filed within the one year limitations period.

[29] ECF # 1.

conviction petition or the appeals court decision denying his Rule 26(B) application to reopen the appeal. As such, all of Haney's grounds for relief should be dismissed as procedurally defaulted on the grounds that they were not presented through all rounds of Ohio's established review procedure.

As also noted, Haney did not file a traverse and does not so seek to excuse the default with a showing of cause and prejudice. Nor has he attempted to show actual innocence, which may be impossible given that he admitted to the acts in question, only claiming that he had permission to do them.

## Analysis

### A.  Preliminary observations

Before proceeding further, I make the following preliminary observations:

1. There is no dispute that Haney is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Haney meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[30]

2. There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[31]

---

[30] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[31] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

3. In addition, Haney states,[32] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[33]

4. Moreover, as will be more extensively discussed below, it appears that these claims have been totally exhausted in Ohio courts, yet are procedurally defaulted for not having been presented through one full round of Ohio's established appellate review procedure.[34]

5. Finally, Haney has not requested appointment of counsel,[35] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[36]

### B. Standard of review

### *1. Procedural Default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[37] Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available, the petitioner violated a state procedural rule.[38] The petitioner must afford the state courts "opportunity to pass upon and correct alleged

---

[32] ECF # 1 at 3.

[33] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[34] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[35] 28 U.S.C. § 2254(h); Rule 8(C), Rules Governing 2254 Cases.

[36] 28 U.S.C. § 2254(e)(2).

[37] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[38] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

violations of its prisoners' federal rights."[39] This requires a petitioner to go through "one complete round" of the state's appellate review process,[40] presenting his or her claim to "*each appropriate state court*."[41] A petitioner may not seek habeas relief then if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[42]

When a state asserts a that violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part to test determine whether the claim is procedurally defaulted.[43] A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[44]

    (1) "[T]here must be a state procedure in place that the petitioner failed to follow."[45]

---

[39] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).

[40] *Boerckel*, 526 U.S. at 845.

[41] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[42] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted).

[43] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

[44] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[45] *Id.* (citing *Maupin*, 785 F.2d at 138).

(2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[46]

(3) "[T]he state procedural rule must be an 'adequate and independent state ground,'[47] that is both 'firmly established and regularly followed.'"[48]

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[49]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[50] In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[51]

---

[46] *Id.*

[47] *Id.* (quoting *Maupin*, 785 F.2d at 138). ("A state procedural rule is an independent ground when it does not rely on federal law.") (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[48] *Id.* (citation omitted).

[49] *Id.* (quoting *Coleman*, 501 U.S. at 750).

[50] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[51] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Additionally, "a credible showing of actual innocense" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[52]

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[53]

## C. Application of standard - the petition should be dismissed

As noted above, although the State has presented alternative theories by which all the grounds for relief could be denied on the merits, or dismissed as non-cognizable, I recommend that this petition be dismissed in its entirety as procedurally defaulted. Initially, the record is clear in the first instance that Haney failed to timely appeal the state appeals court decision denying all his claims on direct review, and the Ohio Supreme Court rejected his motion to file a delayed appeal. Further, Haney did not appeal from the trial court's denial of his post-conviction petition or from the appellate court decision to deny the Rule 26(B) application. Thus, as to all of his claims, Haney's unexplained failure to give Ohio courts one full round of the state's established review procedure, when Ohio's *res judicata*

---

[52] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

[53] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

rule precludes any possibility for currently resubmitting those claims,[54] results in a procedural default of all such claims.

In addition, Haney's attempt to file a delayed appeal does not alter this conclusion because the Ohio Supreme Court's unexplained denial of a motion to file a delayed appeal is presumed to have enforced any applicable procedural bar and because the Ohio Supreme Court's denial of a motion to file a delayed appeal "constitutes a procedural ruling sufficient to bar federal court review of [the] habeas corpus petition."[55]

## Conclusion

Therefore, for the reasons stated, I recommend that the *pro se* petition of James A. Haney, Jr. for a writ of habeas corpus be dismissed in its entirety as procedurally defaulted.


Dated: January 29, 2016                    s/ William H. Baughman, Jr.
                                           United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[56]

---

[54] Ohio's *res judicata* rule is an adequate and independent state law basis for supporting procedural default in the federal habeas court. *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004)(citations omitted).

[55] *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

[56] *See Thomas v. Arn*, 474 U.S. 140 (1985); *see*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).